# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CASAS<br>844 Main Street<br>East Aurora, New York 14052,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN PANTALENA<br>16 Meadow Avenue<br>Bronxville, New York 10708,<br><br>ERIC PEARSON<br>66 Palmer Ave, Ste 33B<br>Bronxville, New York 10708,<br><br>MISTER SIZZLES EXPANSION LLC<br>16192 Coastal Highway<br>Lewes, Delaware 19958,<br><br>and<br><br>MISTER SIZZLES REAL ESTATE<br>HOLDINGS LLC<br>66 Palmer Ave, Ste 33B<br>Bronxville, New York 10708,<br><br>      Defendants. | **COMPLAINT<br>AND JURY DEMAND**<br><br>Civil Action No. 24-1068 |

## **VERIFIED COMPLAINT**

Plaintiff, Casey Casas ("Ms. Casas" or "Plaintiff"), by her attorneys, Rupp Pfalzgraf LLC, as and for her complaint against the Defendants, John Pantalena, Eric Pearson, Mr. Sizzles Expansion LLC, and Mister Sizzles Ereal Estate Holdings LLC (collectively, "Defendants"), alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this case arises under the Lanham Act (15 U.S.C. § 1051 et seq.), a federal statute governing trademarks and unfair competition. Plaintiff seeks relief under federal trademark law, specifically for trademark infringement, unfair competition, and false designation of origin, as set forth in 15 U.S.C. § 1114 and § 1125(a).

2. The Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendant conducts business and/or resides within this District.

## PARTIES

3. Plaintiff is a resident of Erie County, State of New York, residing at 844 Main Street, East Aurora, New York 14052.

4. Upon information and belief, Defendant John Pantalena is a natural person residing at 16 Meadow Avenue, Bronxville, New York 10708.

5. Upon information and belief, Defendant Eric Pearson is a natural person residing at 66 Palmer Ave, Ste 33B, Bronxville, New York 10708.

6. Upon information and belief, Defendant Mister Sizzles Expansion LLC is a Delaware limited liability company formed on September 12, 2022, with a file number of 7022136, and having its registered agent as Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, Delaware 19958. A true and correct copy of the Delaware Division of Corporations entity details for Mister Sizzles Expansion LLC is attached hereto as **Exhibit A**.

7. Upon information and belief, Defendant Mister Sizzles Real Estate Holdings LLC is a domestic limited liability company organized and existing under the laws of the State of New York, formed on March 5, 2024, with DOS ID number 7270716, with its principal office located in Westchester County, New York, and having its address for service of process as Eric Pearson, 66 Palmer Ave, Ste 33B, Bronxville, New York 10708. A true and correct copy of the New York Department of State Division of Corporations entity details for Mister Sizzles Real Estate Holdings LLC is attached hereto as **Exhibit B**.

8. Upon information and belief, Defendant John Pantalena is a member, manager, and/or officer of both Mister Sizzles Expansion LLC and Mister Sizzles Real Estate Holdings LLC, and controls, directs, and/or participates in the operations and management of both entities.

9. Upon information and belief, Defendant Eric Pearson is a member, manager, and/or officer of both Mister Sizzles Expansion LLC and Mister Sizzles Real Estate Holdings LLC, and controls, directs, and/or participates in the operations and management of both entities. This is evidenced by, among other things, his designation as the person to receive service of process for Mister Sizzles Real Estate Holdings LLC.

## FACTUAL BACKGROUND

10. Plaintiff Casey Casas is the registered owner of United States Trademark Registration No. 6922042 for "MISTER SIZZLE'S BURGERS BEER SHAKES," which was filed on October 28, 2021, and registered on December 13, 2022, on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the Trademark Status & Document Retrieval printout from the USPTO is attached as **Exhibit C**.

11. Since opening its doors in 2021, Mister Sizzle's has become a well-known Western New York institution, serving burgers, beer, shakes and related items out of its location at 346 Connecticut St Buffalo, NY 14213.

12. Throughout its operation, Mister Sizzle's has, through its actual use of its name in commerce, acquired federal trademark rights and similar rights in its name and trademark, granting it the sole and exclusive right to sell burgers, beer, shakes and related goods and services under its trade name.

13. Since opening, Mister Sizzle's has expended considerable time, money, and effort developing and promoting its name and products, and its name has acquired a "secondary meaning" within the confines of trademark law granting Mister Sizzle's certain rights in its own name and trademark.

14. The goodwill generated by Mister Sizzle's use of its own name has been such that its name is now widely recognized by regional consumers, other food vendors and providers, and consumers at-large.

15. This registered trademark represents the unique brand identity of Mister Sizzle's, which is a restaurant brand and concept with an established and profitable location on Connecticut Street in the City of Buffalo.

16. Upon information and belief, defendants have engaged in unauthorized use of the Mister Sizzle's name and logo in connection with two entities, namely Mister Sizzles Expansion LLC and Mister Sizzles Real Estate Holdings LLC. Neither of these entities are licensed or permitted by me to use the Mr. Sizzle's name or mark.

17. On October 25, 2024, plaintiff, through her attorneys, sent a cease-and-desist letter to defendants John Pantalena and Eric Pearson, demanding that they cease and desist from using the Mister Sizzle's name and logo. A true and correct copy of the October 25, 2024 cease and desist letter is attached hereto as **Exhibit D**.

18.     Despite receipt of the cease-and-desist letter, defendants have continued their unauthorized use of the Mister Sizzle's trademark and brand identity, which constitutes trademark infringement.

19.     Defendants' use of the Mister Sizzle's name and trademark is without plaintiff's consent.

20.     The Mister Sizzle's name and trademarks have never been assigned or licensed by plaintiff to defendants, either individually or collectively.

21.     Defendants' trademark infringing activities have caused, and are likely to continue to cause, confusion, deception and mistake in the minds of consumers, the public, and the trade.

22.     Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing that there is some connection, authorization, or association between plaintiff and defendants.

23.     Defendants have been, and are engaging in, the above-described unlawful activities knowingly and intentionally or with reckless disregard, or willfulness with respect to, plaintiff's rights for the purpose of trading on the goodwill of plaintiff's name and reputation.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Federal Trademark Infringement Under 15 U.S.C. § 1114)

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

25. Plaintiff is the owner of United States Trademark Registration No. 6922042 for "MISTER SIZZLE'S BURGERS BEER SHAKES," which was filed on October 28, 2021, and registered on December 13, 2022, on the Principal Register of the United States Patent and Trademark Office.

26. Plaintiff's federal trademark registration is valid, subsisting, and in full force and effect.

27. Defendants' unauthorized use of plaintiff's registered mark includes, but is not limited to, the formation and operation of business entities under the names "Mister Sizzles Expansion LLC" and "Mister Sizzles Real Estate Holdings LLC."

28. Defendants' infringing activities are likely to cause and have caused confusion, mistake, and deception among consumers as to the origin, sponsorship, or approval of defendants' commercial activities.

29. Defendants' conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendants' conduct has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

31. As a direct and proximate result of defendants' willful infringement, plaintiff has suffered substantial and irreparable injury to her business, reputation, and goodwill, and will continue to suffer such injury unless defendants' infringing activities are enjoined by this Court.

32. Plaintiff has no adequate remedy at law for defendants' continuing infringement and will suffer irreparable harm unless defendants are enjoined from further infringement of plaintiff's registered trademark.

33. By reason of defendants' acts of trademark infringement, plaintiff has suffered and will continue to suffer monetary damage in an amount to be determined at trial.

34. Plaintiff is entitled to recover from defendants their profits, plaintiff's actual damages, enhanced damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Common Law Trademark Infringement and Permanent Injunction)**

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendants' preparation to use the Mister Sizzle's trademark, including formation of business entities using the protected name, constitutes threatened infringement of plaintiff's exclusive common-law rights.

37. Unless restrained by this Court, defendants' planned use of plaintiff's trademark will cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Section 360 of the New York State General Business Law)

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Defendants' formation of business entities using variations of plaintiff's trademark and their preparations to operate a business under that name threatens immediate dilution of plaintiff's trademark in violation of Section 360 of the New York General Business Law.

40. The threatened dilution will impair the distinctive quality of plaintiff's trademark and damage plaintiff's business reputation.

## DEMAND FOR JURY TRIAL

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff, Casey Casas, prays for relief and demand judgment as follows:

1. Preliminarily and permanently enjoining and restraining defendants from ever using Mister Sizzle's name and trademark;

2. Awarding damages, including compensatory and/or punitive damages, lost profits, disgorgement of all compensation paid, all other appropriate damages, as well as attorneys' fees and costs in an amount to be determined at trial;

3. That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

**(The Remainder of this Page Intentionally Left Blank)**

WHEREFORE, Plaintiff respectfully requests an order and judgment against the defendants as follows:

(1) Preliminarily and permanently enjoining and restraining defendants from using the Mister Sizzle's name and trademark;

(2) Requiring defendants to change the corporate names of Mister Sizzles Expansion LLC and Mister Sizzles Real Estate Holdings LLC to remove any reference to Mister Sizzle's;

(3) Awarding damages, including compensatory and/or punitive damages, lost profits, disgorgement of all compensation paid, all other appropriate damages, as well as attorneys' fees and costs in an amount to be determined at trial;

(4) Any other or further relief as the Court may deem just and proper.

Dated: November 4, 2024
Buffalo, New York

**RUPP PFALZGRAF LLC**
Attorneys for Plaintiff

By: _____
R. Anthony Rupp III, Esq.
1600 Liberty Building
Buffalo, New York 14202-3694
(716) 854-3400